UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal Action No. 17-10024-IT |
| | * | |
| GUSTAVO MOTO, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM & ORDER

May 23, 2017

TALWANI, D.J.

The Presentence Investigation Report ("PSR") prepared for Defendant Gustavo Moto's sentencing did not categorize his prior conviction for Assault and Battery with a Dangerous Weapon, Mass. Gen. Laws ch. 265, § 15A(b), as a "felony conviction of . . . a crime of violence" under the United States Sentencing Guidelines ("USSG") § 2K2.1(a)(4)(A). PSR ¶ 21, n.1. The government objected in its Sentencing Memorandum [#23] and at sentencing, arguing that Defendant's prior conviction should be so categorized, thereby increasing his base offense level from 14 to 20, and nearly doubling his guideline advisory range. The objection is overruled.

A "crime of violence" under USSG § 2K2.1(a)(4)(A) has the meaning given that term in § 4B1.2(a). Application Note 1 of Commentary to USSG § 2K2.1. Under USSG § 4B1.2(a), a crime of violence includes "[a]ny offense under federal or state law, punishable for a term exceeding one year, that— (1) has as an element the use, attempted use, or threatened use of physical force against the person of another."

In United States v. Tavares, 843 F.3d 1, 18 (1st Cir. 2016), the First Circuit discussed whether Mass. Gen. Laws ch. 265, § 15A(b), is a "crime of violence" under USSG § 4B1.2(a)(1). The court noted that the crime is divisible, with two differing *mens rea*: "(1) [t]he

intentional and unjustified touching of another by use of dangerous weapon, or, (2) [t]he intentional commission of a wanton or reckless act [with a dangerous weapon] causing more than transient or trifling injury to another." Tavares, 843 F.3d at 14.[1] The court further stated—and the parties here agree—that but for the Supreme Court's decision in Voisine v. United States, 136 S.Ct. 2272 (2016), the "reckless" version is not a felony crime of violence. See Tavares, 843 F.3d at 18 ("Thus, [United States v. Fish, 758 F.3d 1 (1st Cir. 2014)] would dictate that a conviction for the reckless version of ABDW is not a crime of violence under U.S.S.G. § 4B1.2(a)(1).").

Tavares declined to reach whether Voisine altered this circuit's law in part to allow the issue to develop in the district courts. Here, where the government lacks Shephard documents to prove Defendant's prior conviction was for the "intentional" version, the issue is squarely presented.

Voisine analyzed 18 U.S.C. § 922(g)(9), which prohibits firearm possession by those convicted of a "misdemeanor crime of violence." That phrase is defined as misdemeanors that have "as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon," committed by a victim's domestic relation. 18 U.S.C. § 921(a)(33)(A). Voisine found that a "misdemeanor crime of violence" contains no exclusion for convictions based on reckless behavior. 136 S.Ct. at 2280. But it did so in a context distinct from the context here. Specifically,

---

[1] Both theories require that the offense involve a dangerous weapon, which includes "both items that are dangerous 'per se' and otherwise innocuous items that, as used, are 'capable of producing serious bodily harm.'" United States v. Fish, 758 F.3d 1, 9 n.3 (1st Cir. 2014) (quoting United States v. Hart, 674 F.3d 33, 42-43 (1st Cir. 2012)). If the act causes serious bodily injury, it is chargeable under Mass. Gen. Laws ch. 265, § 15A(c), and is subject to greater punishment. Defendant here pleaded guilty to § 15A(b), not § 15A(c).

2

noting Congressional intent to remedy the poisonous mixture of domestic violence and guns, the Voisine opinion explored the "relevant history" of § 921(a)(33)(A) and observed that Congress intended to take guns from the hands "garden-variety" misdemeanants in the domestic abuse context. 136 S.Ct. at 2280. In contrast to this public safety policy determination extending to misdemeanors, USSG § 2K2.1(4) operates to suggest augmented punishment of those previously convicted of violent felonies. Cf. Johnson v. United States, 559 U.S. 133, 141-43 (2010) (noting potential incongruity in importing into the felony context a jurisprudence formulated in the misdemeanor context). Indeed, the Voisine decision itself cautioned that these "differences in . . . contexts and purposes" might require divergent readings of similar language found in different statutes, 136 S.Ct. at 2280 n.4, and the court finds such caution prudent in this case. Congress' intent to divest categories of persons, including those convicted of certain misdemeanors, from gun ownership is of a different kind than the Sentencing Commission's intent to secure proper and consistent punishment of individuals with prior convictions for violent felonies.

What is more, "Congress' basic goal in passing the Sentencing Act was to move the sentencing system in the direction of increased uniformity." See United States v. Booker, 543 U.S. 220, 254 (2005). A "critically important" aspect of this desired uniformity is a tightened nexus between a defendant's sentence and "real-conduct," id. at 255, and this court must therefore contemplate this nexus in determining what "particular sentence" is "sufficient, but not greater than necessary," to accomplish Congress' stated goals of sentencing. 18 U.S.C. § 3553. The Guidelines are intended to assist the court in making such assessments. See Rita v. United States, 551 U.S. 338, 347-351 (2007). But expanding the breadth of felony "crimes of violence" to encompass convictions that may be based only on "reckless" conduct — and thereby

3

expanding the range of conduct susceptible to identical enhancement—would inevitably render the Guidelines *less* useful.

Accordingly, as will be set forth in the Judgment and Statement of Reasons, the court adopts the PSR in whole, overrules the government's objection, and rejects the six-level enhancement to the guideline calculation sought by the government.

IT IS SO ORDERED.

DATE: May 23, 2017  /s/ Indira Talwani
United States District Judge